UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES L. BOBO,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TULARE COUNTY DISTRICT ATTORNEY, et al.,<br><br>　　　　　　　　Defendants. | Case No. C13-1053-MJP<br><br>REPORT AND RECOMMENDATION |

Plaintiff Charles L. Bobo has filed an application for leave to proceed *in forma pauperis* ("IFP"), Dkt. 1, along with a proposed civil complaint alleging that defendants Tulare and King County District Attorneys improperly garnered fifty percent of plaintiff's income and twenty percent of plaintiff's unemployment benefits. Dkt. 1-1 at 2; Dkt. 1-2 at 1. Plaintiff is also asking this Court to determine the amount he should be paying in child support, and asks the Court to award him 3 million dollars in "damages over [the] years." Dkt. 1-1 at 3-4.

As a threshold matter, the Court notes that Mr. Bobo has previously filed several complaints nearly identical to this one in this district. *See e.g., Bobo v. Tulare County District Attorney*, Case No. C12-1805-RSL; *Bobo v. Tulare County District Attorney*, Case No. C13-753-RSM. In C12-1805-RSL, the undersigned recommended the complaint be dismissed for failure

REPORT AND RECOMMENDATION - 1

to provide sufficient facts or details to state a cognizable legal claim against any defendant.

Moreover, the undersigned stated this Court lacked jurisdiction over plaintiff's family law claims. Specifically, the United States Supreme Court has long held "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) (holding that "domestic relations are preeminently matters of state law"). "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004). The Honorable Robert S. Lasnik adopted the undersigned's Report and Recommendation on November 27, 2012, and the complaint was dismissed.

In C13-753-RSM, the Honorable Brian A. Tsuchida found that Mr. Bobo's complaint suffered from the same defects, and therefore failed to state a claim on which relief can be granted. Judge Tsuchida then recommended the case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2). Judge Tsuchida's Report and Recommendation was adopted by the Honorable Ricardo S. Martinez on June 5, 2013.

Here, the plaintiff has once again failed to state a claim on which relief may be granted, and is asking this Court to interfere with a state court matter. Specifically, plaintiff asks this Court to determine how much child support he owes for his two children. Dkt. 1-1 at 4. Additionally, plaintiff has failed to establish that the Western District of Washington possesses jurisdiction over this action, as both named defendants are located in California. For the same reasons that Judge Lasnik and Judge Martinez previously dismissed plaintiff's complaints, the

REPORT AND RECOMMENDATION - 2

1  Court should decline to exercise jurisdiction over this case.

2  The Court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend,
3  unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of*
4  *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Here, plaintiff would have to
5  abandon his claim, and allege an entirely new cause of action in order to proceed with this case.
6  As a result, the undersigned recommends against granting plaintiff leave to amend because it is
7  clear that he cannot cure his pleading defects.

8  Because the proposed complaint, Dkt. 1-1, fails to state a claim on which relief can be
9  granted, the Court recommends that this case be DISMISSED with prejudice under 28 U.S.C.
10 § 1915(e)(2)(B).  In light of this dismissal, the Court recommends DENYING plaintiff's IFP
11 application, Dkt. 1, as MOOT.  A proposed order accompanies this Report and
12 Recommendation.

DATED this 2nd day of July, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3